T.C. Memo. 1996-311

UNITED STATES TAX COURT

GLORIA ANN HOUSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11868-94.                    Filed July 10, 1996.

Gloria Ann House, pro se.

<u>Trevor T. Wetherington</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

-----

[1]All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $840, and an accuracy-related penalty in the amount of $168. Following a concession,[2] the issue for decision is whether petitioner must include in her 1991 income a cash award received from Wayne State University during that year.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Detroit, Michigan.

During 1991, petitioner was employed as a professor by Wayne State University (the university). Her wages from such employment for that year were $39,441.98. She was the recipient of the Wayne State University 1991 President's Award for Excellence in Teaching. Along with the professional distinction and honor resulting from the award, petitioner received $3,000 in cash from the university in 1991 in addition to her wages. The proceeds of the award were paid directly to petitioner and not to an entity designated by her.

In connection with the award, petitioner received a Form 1099 from the university reflecting the $3,000 payment, from

---

[2]Respondent has conceded the sec. 6662(a) accuracy-related penalty imposed for 1991.

which there were no withholdings. On line 22 of her 1991 Federal income tax return petitioner made the following notation: "Scholarly Prize-nontaxable" and "see attached Form 1099". Although petitioner disclosed the receipt of the $3,000 award on her 1991 return, she did not include any portion of it in her income for that year.

In the notice of deficiency upon which this case is based, respondent determined that petitioner must include the entire $3,000 award in her 1991 income and computed the deficiency here in dispute accordingly.

Discussion

Respondent's determination, having been made in a notice of deficiency, is presumed correct and petitioner bears the burden of proving such determination erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61 provides in general that gross income means all income from whatever source derived. Sec. 61(a). Specifically, section 74(a) provides that gross income includes amounts received as prizes and awards. An exception to the provisions of section 74(a) is provided in section 74(b), which provides:

> Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if--
> (1) the recipient was selected without any action on his part to enter the contest or proceedings;
> (2) the recipient is not required to render substantial future services as a condition to receiving the prize or award; and

(3) the prize or award is transferred by the payor to a governmental unit or organization described in paragraph (1) or (2) of section 170(c) pursuant to a designation made by the recipient.

All three of the above conditions must be met in order for a taxpayer to exclude from income an amount received as an award that would otherwise be includable in income pursuant to section 74(a).[3]  Without discussing the conditions set forth in paragraphs (1) and (2) of section 74(b), it is clear that petitioner failed to satisfy the condition set forth in paragraph (3).  The university paid the $3,000 directly to petitioner, a fact that petitioner does not dispute.

Even though petitioner admits that she failed to satisfy the condition set forth in section 74(b)(3), she contends that because the university failed to withhold any taxes from the award payment, the amount received as an award does not constitute income to her and therefore need not be included in the income she reported on her 1991 return.  The university's failure to withhold Federal income taxes from the award payment, however, has no effect on the operation of sections 61(a) and 74(a) that, as discussed above, require petitioner to include the proceeds of the award in her income.  See Church v. Commissioner, 810 F.2d 19 (2d Cir. 1987); Fawcett v. Commissioner, T.C. Memo. 1975-271.

---

[3]The exception provided in sec. 74(c) has no application in this case.

We have considered petitioner's other arguments in support of her position and find them to be without merit.  Accordingly, respondent's determination is sustained.

To reflect the concession of the parties in this matter,

>Decision will be entered
>
>for respondent with respect to
>
>the deficiency and for petitioner
>
>with respect to the section 6662(a)
>
>penalty.